OPINION
James Ditty appeals from his conviction in the Darke County Common Pleas County Court of Operating a Motor Vehicle While Under the Influence of Alcohol, having three previous convictions for the same offense. The conviction was pursuant to Ditty's no contest plea.
The facts underlying Ditty's arrest are set out in the appellant's brief and are supported by our reading of the record.
On August 5, 1998, at 6:01 A.M. a Darke County Sheriff's deputy was dispatched to an address at 82 Love Road in Darke County on the report of a suspicious vehicle parked in a driveway. When Officer Eric Hanes arrived at the address he saw a vehicle in the driveway; the engine was on and so were the taillights. Appellant was sleeping in the driver's seat.
Hanes awakened appellant, and after he awoke the appellant immediately turned off the engine. Hanes noticed a strong odor of alcohol about appellant's person and when Hanes asked appellant if he knew where he was, appellant replied that he was in Richmond, Indiana. Hanes then asked appellant to exit the vehicle and appellant "staggered" as he did so. Hanes stated that appellant's speech was "extremely slurred."
Hanes then instituted a battery of field sobriety tests even though the officer "believed" that appellant told him that he had a "knee problem." On the one leg stand test appellant was "unsuccessful." Hanes said appellant put his foot down several times while doing the test. Hanes believed that appellant told him he was physically incapable of performing the walk and turn test. (Tr. 14, 23). The final test administered by Hanes was the horizontal gaze nystagmus. On that test the officer gave appellant a score of six out of six possible points. (Tr. 14-15). At some point during these tests the officer asked appellant if he had drunk anything the night before, and appellant replied that he had. (Tr. 26). At the end of the tests Hanes arrested appellant for D.U.I. (Tr. 15).
In a single assignment of error, Ditty contends the trial court erred in refusing to suppress the breathalyzer results obtained after he was arrested by Officer Hanes. Appellant contends Hanes did not have probable cause to arrest him for operating his motor vehicle while under the influence of alcohol. Appellant contends the trial court should have given little weight to Officer Hanes' testimony that he failed the three sobriety tests because Hanes provided no basis for his opinion in that regard.
The State argues that the evidence taken in its entirety provided Officer Hanes with probable cause to believe appellant was operating his vehicle while under the influence of alcohol. We agree.
Hanes testified he explained the "one-legged stand" test and demonstrated that test to appellant. He testified appellant failed the test by putting his foot down several times. Hanes testified that appellant couldn't perform the walk and turn test. He testified appellant failed the horizontal gaze nystagmus test.
Hanes testified as follows:
Q. What is the horizontal gaze nystagmus test?
 A. It's a test where you check the eyes for nystagmus. And during the test you do a smooth pursuit at which you take the index finger. You ask the defendant to keep his head completely still, follow with his eyes only back and forth to check the lack of smooth pursuit. Then you check the 45 degree angle of nystagmus. If you can get nystagmus at 45 degrees and maximum deviation, which would be all the way to the side where the defendant would have his eyes to one side or another and see a slight bounce.
 Q. Okay. Now, there is actually six points you can get on the horizontal gaze nystagmus, is it not?
A. Yes, sir.
Q. What are those six points?
A. Lack of smooth pursuit.
Q. In each eye?
 A. In each eye. That would count as one for each eye. Maximum deviation in each eye, and the 45 degree angle.
Q. And how many points did the defendant exhibit?
A. All six.
 Q. Now, the failure of the one-legged stand, the walk-and-turn, and the horizontal gaze nystagmus, were all those indicators of impairment?
 A. As well as the strong odor of an alcoholic beverage on or about his person.
Q. The tests you had performed, what did you do then?
A. I placed the defendant under arrest for DUI.
In support of his argument that the trial court should not have considered Hanes' testimony regarding the HGN test, appellant cites the case of State v. Bresson (1990), 51 Ohio St.3d 123. In that case, the Ohio Supreme Court held that the HGN test has been shown to be a reliable indicator of BAC levels. The Court held that the HGN test results are admissible as long as the proper foundation has been shown as to the officer's ability to administer the test and as to the actual technique used by the administering officer.
Evid. R. 104(A) provides that preliminary questions concerning the qualifications of a person to be a witness shall be determined by the court. Evid. R. 103(A)(1) provides that error may not be predicated upon a ruling which admits evidence unless a timely objection appears of record.
In this case, appellant's counsel interposed no objection to Officer Hanes' testimony concerning the HGN test. Had one been lodged, the State might have provided a foundation concerning Hanes' training and ability to administer the test.
Probable cause is a flexible, common sense standard. Texasv. Brown (1983), 460 U.S. 730. Probable cause determinations are based on the "totality of circumstances" confronting the arresting officer. Illinois v. Gates (1983), 462 U.S. 213. In this case Hanes confronted the appellant passed out in the driver's seat of a running motor vehicle at six o'clock in the morning unaware of his location and smelling of a strong odor of alcohol. Hanes observed that the appellant staggered from the vehicle and had extremely slurred speech when responding to his inquiries.
The appellant then failed three sobriety tests which included the HGN test. A score of four or more points indicates a BAC level above .10 percent on the HGN test. See, State v. Bresson,supra, at 126. The appellant received six points on the test given by Officer Hanes.
We find no error in the trial court's determination that Officer Hanes had probable cause to arrest Ditty. The breathalyzer result was accordingly admissible. The sole assignment is overruled.
The judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.